UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1168 JMR/FLN

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHELLE LOREN,
AKA MICHELLE SCHLOSSER,

Defendant,

and

FAIRVIEW NORTHLAND,

Garnishee.

ANSWER OF THE GARNISHEE (EARNINGS)

Fairview Northland, being duly sworn, deposes and says:

**I. TO BE COMPLETED BY ALL GARNISHEES:**

A: Identification of the Garnishee

**If Garnishee is an individual:**

That he/she is Garnishee herein doing business in the name of

______________________________.
(Provide full name and address of business)

**If Garnishee is a partnership:**

That he/she is a member of ______________________________,
(Full name/address of partnership)

a partnership, of which Garnishee is a partner.

**If Garnishee is a corporation:**

That he/she is the Employee (Title) of Garnishee, Fairview Northland Regional Health Care 911 Northland Drive Princeton, MN 55371 (Full name/address of corporation), a corporation, organized under the laws of the State of ______________.

SCANNED
SEP 21 2006
U.S. DISTRICT COURT MPLS

B: Calculation of Amounts Subject to Garnishment

On ________________, 2006, Garnishee was served with the Writ of Continuing Garnishment. If, at any time during the pay period in effect when the Writ was served, the above-named defendant was employed by the garnishee or was owed earnings by the garnishee, proceed to Number 1 below. If, during that time, the above-named defendant was not employed by the garnishee and was not owed any earnings from the garnishee, proceed to Number II in this Answer of Garnishee.

1. Defendant's regular pay period is

_____ weekly __X__ bi-weekly _____ semi-monthly _____ monthly

_____ other, explain ____________________________________________.

Enter date present pay period began: 9-11-06

Enter date present pay period ends: 9-24-06

(Present pay period is the pay period during which this Writ was served.)

2. Calculate the defendant's disposable earnings for the present pay period: See Attachment

a. Gross Income (includes salary wages, overtime, commissions, income trusts and all other income before any deductions) $____________

b. Federal Income Tax $____________

c. FICA Income Tax $____________

d. State Income Tax $____________

e. Total Withholdings (Total "b" through "d") $____________

f. **Disposable Earnings for Present Pay Period** (**Subtract** "e" from "a") $____________

If the figure on Line "f" above is less than $154.50 per week,

Page: 1 Document Name: untitled Michelle Schlosser

Pay Date 09 11 2006

FIT Marital-St: MAR Nbr-exemptions: 1 Exempt?: N Supplemental Tax? N

SIT Marital-St: MAR Nbr-exemptions: 1 Exempt?: N State-Code: MN

*****************************************************************************

Hours 72.00 X 17.2900 Hourly Rate = 1244.88

****************************************************** 1244.88 Gross Pay

| | | | |
|---|---|---|---|
| FICA Taxable | 1244.88 | FICA Tax | 77.18 |
| MEDI Taxable | 1244.88 | MEDI Tax | 18.05 |
| Federal Taxable | 1244.88 | Federal Tax | 94.04 |
| State Taxable | 1244.88 | State Tax | 47.16 |

******************************************************

****************************************************** 1008.45 Net Pay

This could vary based on worked hours per pay period.

write "no garnishment allowed for present pay period" on Line "g" below, and proceed to Number 4 in this Answer of Garnishee.

g. **Maximum earnings available for garnishment from the present pay period** $__________
(Multiply "f" times .25)

If the earnings listed on Line "g" above are currently subject to previously-served garnishments or court orders, provide the information requested below. If the earnings listed on Line "g" above are not subject to any previously served garnishments/orders, write "$0.00" on Line "h" below previously served and proceed to Number 3.

| Description of Previously-Served Garnishments/Orders | Amount Taken Under Previously-Served Garnishments/Orders for Present Pay Period | Expiration Date of Previously-Served Garnishments/Orders |
|---|---|---|
| __________ | (i) $__________ | __________ |
| __________ | (ii) $__________ | __________ |
| __________ | (iii) $__________ | __________ |

h. **Total due for present pay period under previously-served garnishments/orders**
(add (i) through (iii))

$ __________

3. Determine the extent to which the earnings of the defendant for the present pay period are available for this garnishment:

a. Enter the amount listed on Line "2g" above (maximum earnings available for garnishment from the present pay period) $__________

b. Enter the amount listed on Line "2h" above (total due for present pay period under previously-served garnishments/orders) $__________

c. **Actual earnings available for this**

**garnishment for the present pay period**
(Subtract "3b" from "3a") $______________

If you do not claim an exemption, objection, defense or set-off to the amount entered on Line "3c" above, you must now retain that amount, up to the total debt balance as set forth in the Writ of Continuing Garnishment, pending further order of the Court. (Note, the debtor is responsible under this garnishment for all interest that accrues on this debt through the date on which payment in full is sent to the defendant.) If you do contend that some portion of the amount listed on Line "3c" above is not subject to this garnishment, indicate the reason for you contention:

The garnishee claims the following objection, defense or right to set-off from the actual earnings available for this garnishment for the present pay period: ______________________________

__________________________. The amount the garnishee contends is available for this garnishment from the present pay-period earnings is: $____________________.

4. As outlined previously in this Answer of Garnishee, determine the extent to which the future earnings of the defendant are available under this continuous garnishment:

| List Each Future Pay Period | List 25% (.25) of the Projected Disposable Earnings for Each Future Pay Period | List Total Amount Due Under Previously-Served Garnishments/Orders for Each Future Pay Period | List Actual Projected Earnings Available for This Garnishment from Each Future Pay Period (Subtract "c" from "b' for Each Pay Period) |
|---|---|---|---|
| a. ____________ | b. $______________ | c. $______________ | d. $________________ |
| ____________ | $______________ | $______________ | $________________ |
| ____________ | $______________ | $______________ | $________________ |

(Remember, this is a continuous garnishment and is immediately effective unless the amount now being paid out pursuant to previously-served garnishments and court orders equals or exceeds 25 percent of the debtor's disposable earnings. In those cases, and only in those cases, this Writ will be effective as soon as the amount now being paid out pursuant to previously-served garnishments and court orders drops below 25 percent of the debtor's disposable earnings. Then, this Writ will continue until such time as the entire debt balance has been paid in full, giving way only to subsequently-served support garnishments and support orders.)

If you do not claim an exemption, objection, defense or set-off to the amounts entered on Line "4" for future pay periods, you must retain those amounts, as they become available, up to the total debt balance as set forth in the Writ of Continuing Garnishment, pending further order of the Court. (Note, the defendant is responsible under this garnishment for all interest that accrues on this debt through the date on which payment in full is sent to the defendant.) If you do contend that some portion of the amounts listed above on Line "4d" for any future pay period is

not subject to this garnishment, indicate the reason for your contention:

The garnishee claims the following objection, defense or right to set-off from the actual earnings available under this garnishment for the following pay period(s): ______________ ______________________ The amount the garnishee claims is available under this garnishment from each of the pay periods noted in the previous sentence is $ _______________, $___________________.

**II. COMPLETE THIS SECTION ONLY IF THE DEFENDANT IS NO LONGER EMPLOYED BY THE GARNISHEE.**

Last date the defendant worked as an employee of the garnishee _________________________.

Is the defendant eligible for rehire within 90 days of the date the Writ was served on the garnishee _______________________.

**III. TO BE COMPLETED BY ALL GARNISHEES.**

The Garnishee mailed a copy of the Answer of Garnishee, by first-class mail, to:

Counsel for United States at:
United States Attorney's Office
Att: Financial Litigation Unit
600 Federal Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

The Defendant, at:

Michelle Loren Schlosser
XXXXX
Elk River, MN 55330-7835

The Garnishee sent the original Answer of Garnishee, by first-class mail, to :

Clerk of United States District Court
202 Federal Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

Crystal Rourad
Garnishee

SUBSCRIBED and SWORN to before me this 19th day of September, 2006.

Paula J. Jendro
NOTARY PUBLIC

PAULA J. JENDRO
Notary Public
Minnesota
My Commission Expires January 31, 2010

**Fairview Northland Regional Health Care**

2006 SEP 21 AM 9:23

# Fax

| | | | |
|---|---|---|---|
| **To:** | Nancy Lair | **From:** | Crystal Rowland |
| **Fax:** | 612-664-5783 | **Pages:** | 9 with fax sheet |
| **Phone:** | | **Date:** | 9/19/06 |
| **Re:** | Michelle Schlosser garnishment | **CC:** | |
| | Will mail original | | |

☐ **Urgent** ☐ **For Review** ☐ **Please Comment** ☐ **Please Reply** ☐ **Please Recycle**

The confidential information accompanying this transmission contains protected health information under state and federal law and is legally privileged. This information is intended only for the use of the individual or entity named above and may be used only for carrying out treatment, payment or other healthcare operations. The recipient or person responsible for delivering this information is prohibited by law from disclosing this information without proper authorization to any other party, unless required to do so by law or regulation. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please destroy the materials and contact us immediately by calling the department number listed above. No response indicates that the information was received by the appropriate authorized party.

**U.S. Department of Justice**

*United States Attorney*
*District of Minnesota*

06 SEP 21 PM 2:28

*600 United States Courthouse*
*300 South Fourth Street*
*Minneapolis, MN 55415*

*(612)664-5600*

September 21, 2006

Richard Sletten, Clerk
United States District Court
202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re: United States v. Michelle Loren (Schlosser)
Court File No. 01-1168 JMR/FLN

Dear Mr. Sletten:

The Answer of the Garnishee was mailed to this office, therefore, enclosed for filing is the original Answer in regards to the above-mentioned case.

If you have any questions, please call me at (612) 664-5656.

Sincerely,

RACHEL K. PAULOSE
United States Attorney

Nancy Lair

BY: NANCY J. LAIR
Financial Litigation Agent

Enclosures